USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5/21/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMIN KHAN,

                    Plaintiff,

          v.

AC AUTOMOTIVE, INC.,

                    Defendant.

---

No. 20-CV-4949 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Amin Khan brings this action against his former employer Defendant AC Automotive Inc. for failure to pay overtime and minimum wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Defendant has not appeared in this action, and Plaintiff moves for a default judgment. Plaintiff's motion is granted.

## BACKGROUND

### I.      Procedural History

Plaintiff initiated this action on June 29, 2020, and served Defendant with a Summons and Complaint on July 1, 2020 through its authorized agent in the New York State Secretary of State's Office. Dkt. 5. Defendant's answer was due on July 22, 2020. *See id.* After Defendant failed to enter an appearance by August 7, 2020, the Court ordered Defendant to respond to the complaint by August 28, 2020 and permitted Plaintiff to move for a default judgment if Defendant failed to do so. Dkt. 6. Plaintiff served that order on Defendant via priority mail on August 13, 2020. Dkt. 7.

Pursuant to Plaintiff's request, the Clerk of Court issued a certificate of default against Defendant on September 14, 2020. Dkt. 12. The following day, the Court issued an order setting

deadlines for a motion for default judgment. On October 22, 2020, Plaintiff filed the instant motion. Dkt. 17. Defendant has not responded to Plaintiff's motion or otherwise appeared in this action.

## II.    Facts[1]

Plaintiff Amin Khan was employed by Defendant AC Automotive, Inc. at 1601 Bronxdale Avenue, Bronx, New York, 10462 "from in or around May 2018 to on or about June 12, 2020." Compl. ¶¶ 7-14. Plaintiff's position was that of a "manual worker" in the warehouse, where he lifted, packed, and handled auto parts. *Id.* ¶ 14. Defendant is a New York corporation that purchases auto-parts equipment and other essential supplies in interstate commerce, and transacts business in an amount exceeding $500,000 annually. *Id.* ¶¶ 8, 24-26. Defendant's employees numbered over 100. *Id.* ¶ 13.

During his employment, Plaintiff was paid at a rate of "about $10-12 an hour." *Id.* ¶ 16. "Plaintiff worked about 50-65 hours each week for Defendant and sometimes more; 6-7 days a week." *Id.* ¶ 17. "Plaintiff was paid at his straight regular rate for all hours worked including overtime hours (hours over 40 in a week), except for about 3 overtime hours each week for which Plaintiff was not paid any wages." *Id.* ¶ 18. Plaintiff further alleges that Defendant willfully failed to provide him with the notices and wage statements required by NYLL §§ 195(1), 195(3). *Id.* ¶¶ 48-49.

Plaintiff maintains that Defendant's conduct violated the FLSA and NYLL, and entitles him to unpaid overtime compensation, minimum wage compensation, and liquidated damages. He seeks a default judgment in the amount of $94,138. *See* Dkt. 20.

---

[1] The following facts are drawn from the Complaint, and assumed to be true for purposes of this motion for default judgment. *See, e.g., Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam).

**DISCUSSION**

## I.     Liability

"[T]he court may . . . enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam).  "[A] default is an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).

Plaintiff seeks a default judgment on three causes of action: unpaid overtime in violation of the FLSA and NYLL, violation of New York minimum-wage requirements in violation of the NYLL, and failure to provide the wage statements and notices required by the NYLL.

Pursuant to the FLSA and NYLL, an employee can bring a civil action against her employer for violation of those statutes' minimum-wage and overtime provisions.  *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1).  Under both statutes, any employee who works more than forty hours per week must be paid at a rate not less than 150% of the employee's regular hourly rate for all hours worked beyond forty.  29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. Tit. 12 § 142–2.2. According to the Complaint, although Plaintiff routinely worked more than 40 hours per week, Defendant failed to pay him the required overtime premium for the excess hours.  Compl. ¶¶ 17-18, 20.  Defendant is therefore liable under both statutes for failure to pay the overtime rate. Because Plaintiff's claims under the FLSA and NYLL are identical, however, the Court will award damages pursuant to the FLSA only.  *See, e.g., Rios v. Neighborhood Const. Corp.*, No. 07 CIV. 8701(LTS), 2009 WL 3335354, at *1 n.2 (S.D.N.Y. Oct. 14, 2009).

Failure to pay the required minimum wage is similarly actionable under the FLSA and NYLL. *See* 29 U.S.C. § 216; N.Y. Lab. Law § 663. Throughout his employment, Defendant paid Plaintiff a rate between $10 and $12 an hour. Compl. ¶ 16. On December 31, 2017, the minimum wage for employers of eleven or more employees in New York City increased to $13.00 per hour. *See* N.Y. Lab. Law § 652(1)(a)(i). The following year, the statutory minimum wage increased to $15.00 per hour. *Id.* The federal minimum wage, however, remained at $7.25 per hour throughout that time. *See* 29 U.S.C. § 206(a)(1)(C). Accordingly, throughout Plaintiff's employment, Defendant was in violation of the minimum-wage provisions of the NYLL, but not the FLSA.

The New York Labor Law requires employers to "furnish each employee with a statement with every payment of wages" that includes, *inter alia*, the rate of payment, the gross wages provided, and the applicable overtime rate. N.Y. Lab. Law § 195(3). Section 195(1) similarly requires that an employer "provide his or her employees, in writing in English and in the language identified by each employee as [their] primary language," a notice that includes, *inter alia,* an employee's regular hourly rate and overtime rate of pay. *Id.* § 195(1)(a). Defendant failed to provide Plaintiff with such paystubs or notices. Compl. ¶¶ 22-23; *see* Dkt. 18, Plaintiff's Declaration in Support of his Motion for Default Judgment ("Khan Decl.") ¶ 12 ("Defendant paid me my wages with a business check."). The Court therefore finds Defendant liable under the NYLL §§ 195(1), 195(3).

The statute of limitations to bring an FLSA claim is two years, while the statute of limitations under the NYLL is six years. 29 U.S.C. § 255(a); N.Y. Lab. Law § 663(3). Under the FLSA, however, when an employer's violation of the Act is "willful," a three-year statute of limitations applies. 29 U.S.C. § 255(a). "[T]o prove a willful violation of the FLSA within the meaning of § 255(a), it must be established that the employer either knew or showed reckless

4

disregard for the matter of whether its conduct was prohibited by the statute." *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014) (internal quotation marks omitted). Here, the complaint contains uncontroverted allegations that Defendant's failure to pay the required overtime rate was committed "willfully." *See* Compl. ¶¶ 20, 39. Although these allegations border on the conclusory, the Court can fairly infer from the substantive assertions in the complaint, namely failure to pay the overtime rate to an employee working up to 65 hours per week and failure to pay any wage for 3 hours of this overtime, that Defendant knew that the nonpayment of an overtime wage would violate state and federal law and cause financial injury to Plaintiff. The Court therefore permits that Plaintiff to bring a FLSA claim for the entire period of his employment.

## II. Damages

Plaintiff seeks damages against Defendant totaling $94,138, an amount that includes unpaid wages, statutory penalties, and liquidated damages. Although a "party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks omitted). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). A court is required to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). "'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'"

*Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234 (quoting *Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 54 (2d Cir. 1993)).

In a FLSA case, when an employer fails to maintain records concerning the employee's wages and hours, a Court may presume that a plaintiff's recollections and estimates of hours are correct, so long as "he produces sufficient evidence to show the amount and extent of that work by just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687–88 (1946). In the absence of a rebuttal by defendant, a court "may then award damages to the employee, even though the result be only approximate." *Id.* Here, Defendant allegedly failed to maintain wage-and-hour records. It has not appeared in this action. Accordingly, the Court accepts the estimates provided by Plaintiff's declaration for the purpose of calculating damages. Plaintiff estimates that he worked 57.5 hours a week from "in or around May 2018 to on or about June 12, 2020." Khan Decl. ¶¶ 2, 7. His wage was "$12 an hour in 2020; $11.00 an hour in 2019 and $10.00 an hour in 2018." *Id.* ¶ 9.

Under the FLSA, an employee's overtime rate is calculated with reference to the minimum wage to which he was legally entitled. *See* 29 C.F.R. 778.100 (regular rate, for purposes of calculating overtime, may not be less than statutory minimum wage); N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2 (providing that overtime rate should be computed in the same manner as under the FLSA); *see also Mei Chun Poon v. Apple NYC Corp.,* No. 17 Civ. 9647 (RA) (GWG), 2019 WL 75674, at *5 (S.D.N.Y. Jan. 2, 2019). As Plaintiff was paid at a rate below New York's statutory minimum, his overtime rate will be calculated according to the rate to which he was legally entitled: $19.50 an hour in 2018 and $22.50 an hour in 2019 and 2020. Counting from May 18, 2018, Plaintiff worked a total of 108 weeks for Defendant: 33 weeks in 2018, 52 weeks in 2019, and 23 weeks in 2020. Considering that he is owed for 14.5 hours per each week of

unpaid overtime compensation, and 3 hours per week of unpaid wages calculated at the overtime rate, Plaintiff is entitled to $6,476.25 for 2018, $12,181 for 2019, and $5,024.25 for 2020.

Defendant is also liable under the NYLL for the full amount that Plaintiff was paid below the minimum wage. Plaintiff's hourly wage was $3 below New York's statutory minimum in 2018. The hourly shortfall was $4 in 2019 and $3 in 2020. Because the Court has already awarded damages pursuant to the FLSA for underpayment of overtime wages calculated at the statutory minimum wage, Defendant's liability under the NYLL shall be calculated for 40 hours a week of under-compensation. Accordingly, the Court assesses damages totaling $3,960 for 2018, $8,320 for 2019, and $2,760 for 2020.

Plaintiff also seeks liquidated damages under the FLSA and NYLL. "The FLSA provides that an employer who underpays an employee is 'liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.'" *Rana v. Islam*, 887 F.3d 118, 122 (2d Cir. 2018) (per curiam) (quoting 29 U.S.C. § 216). NYLL similarly provides that an employee may "recover the full amount of any underpayment," and, "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due" must also be paid. N.Y. Lab. Law § 198. The Second Circuit has "interpret[ed] the NYLL and FLSA as not allowing duplicative liquidated damages for the same course of conduct." *Rana,* 887 F.3d at 123. Because Defendant defaulted in this action, the Court finds that it has not met its burden under NYLL of establishing a good-faith affirmative defense. The Court therefore awards liquidated damages pursuant to the FLSA for underpayment of overtime compensation and under the NYLL for failure to pay the minimum wage.

Lastly, Plaintiff seeks damages in the amount of $10,000 on his wage-notice and wage-statement claims under the NYLL. Damages under both provisions are set by statute. Violations of § 195(3) are subject to "damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." N.Y. Lab. Law § 198(1-d). The statutory maximum is accordingly reached after twenty work days. Because Plaintiff worked for more than 100 weeks for Defendant, he is entitled to the $5,000 maximum. With respect to § 195(1), statutory damages of $50 per workday, not to exceed $5000, may be assessed. *See id*. § 198(1-b). Again, because Plaintiff worked well over 100 workdays—the number of days that brings a plaintiff to the statutory maximum—he shall be awarded the statutory maximum of $5,000.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is granted. Defendant shall pay the sum of $23,711.50 for violations of the FLSA's overtime provisions, $23,711.50 in liquidated damages under those provisions, $15,040 for violation of the NYLL's minimum-wage requirements, $15,040 in liquidated damages under those provisions, and $10,000 for violations of Section 195 of the NYLL, for a total of $87,503. The Clerk of Court is respectfully directed to enter judgment in accordance herewith, and close the case. All motions are terminated. SO ORDERED.

Dated:     May 21, 2021
           New York, New York

_____
Ronnie Abrams
United States District Judge